IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Alonza Dennis, | ) | Case No.: 6:21-cv-00964-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Charles Williams, Bryan Sterling, Henry McMaster, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1] Alonza Dennis ("Plaintiff" or "Dennis"), proceeding *pro se* and *in forma pauperis*, is a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and located at Perry Correctional Institution ("Perry"). Plaintiff filed this action on April 1, 2021. (DE 1). By Order filed June 1, 2021, Plaintiff was informed that his complaint was subject to summary dismissal because it failed to state a claim upon which relief may be granted and that he could attempt to cure the defects identified in his complaint by filing an amended complaint within 14 days. (DE 21.) Plaintiff was informed that if he failed to file an amended complaint or otherwise cure the deficiencies outlined in the order, the undersigned would recommend that his case be

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

dismissed. (DE 21.) On June 23, 2021, Plaintiff filed an amended complaint. (DE 27, pp. 1–2, 4–5.) In the amended Complaint Plaintiff contends that the Defendants have violated his Eighth Amendment Rights by exposing him to COVID-19 because Perry was overcrowded, and the overcrowding caused him to contract COVID-19. (DE 27, pp. 1–2, 4–5.) Plaintiff alleges that the Defendants should have relieved the "massive overcrowding" at Perry, which would have prevented him from contracting COVID-19. (DE 27, p. 5.) Plaintiff claims he suffers from headaches, stomach pain, dizziness, shortness of breath, anxiety, lost sleep, and has nervous attacks. (DE 27, p. 1.)

Since Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the in forma pauperis statute, the District Court is authorized to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, since Plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity[,]" this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A.

Accordingly, on July 2, 2021, the Magistrate Judge issued the Report based on an initial review of the pleadings. The Report recommends dismissing the Complaint because Plaintiff has not cured the deficiencies identified in the order dated June 1, 2021. (DE 21.) Although Petitioner has filed an objection to the Report (DE 36) and a Motion titled Order "Nune Pro Tunc" (DE 38), to be actionable, objections to the Report and Recommendation must be specific. Failure to file

specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that many of Plaintiff's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report, or merely restate his arguments. However, the Court has identified the following specific objection, which will be addressed herein. By way of summary, Plaintiff contends that he has alleged facts that he is in imminent harm of catching covid-19 due to overcrowding at Perry. However, the Court finds that the Magistrate comprehensively and in detail addressed Plaintiff's condition of confinement/deliberate indifference to medical needs claim and his Federal/State tort claims act objections to the Report. Therefore, since Plaintiff has not raised any new issues for the Court to consider, the Court overrules this objection.

Accordingly, upon review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiff's motion "Nunc Pro Tunc" (DE 38) is denied and his Complaint is dismissed with prejudice.

**IT IS SO ORDERED**.

s/Joseph Dawson III<br>Joseph Dawson, III<br>United States District Judge

Greenville, South Carolina
December 8, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.